WARREN H. NELSON, JR., # 104744
A PROFESSIONAL CORPORATION
6161 El Cajon Blvd., # 273
San Diego, CA 92115
Telephone:  619 269 4212
Facsimile:   619 501 7948
Email:  nelson@rolando.sdcoxmail.com

Attorney for Defendant
Standard Insurance Company, erroneously
sued as Standard Life Insurance Company

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN GARCIA,<br><br>         Plaintiff,<br><br>   vs.<br><br><br>STANDARD LIFE INSURANCE<br>COMPANY, et al.<br><br><br><br>       Defendants. | Case No.: 2:13-cv-02164-WBS-CKD<br><br>STIPULATED PROTECTIVE ORDER<br>FOR CONFIDENTIALITY DURING<br>PRETRIAL PROCEEDINGS<br><br>[Local Rule 141.1]<br><br>No hearing set or required. |

Plaintiff Kathleen Garcia and Defendant Standard Insurance Company ("Standard"), erroneously sued as Standard Life Insurance Company, stipulate and respectfully request that the Court enter the following proposed Stipulated Protective Order for Confidentiality During Pretrial Proceedings (the "Protective Order") on the understanding that (i) the Protective Order applies only during pretrial proceedings (see ¶ 14, infra), and, (ii) each party must seek and obtain Court permission prior to filing any matter under seal (see ¶ 8, infra).

WHEREAS, **Local Rule 141.1(c)(1)** requires that Plaintiff Kathleen Garcia and Standard (Plaintiff and Standard are sometimes hereinafter collectively referred as "the Parties"), describe "the types of information eligible for protection" the Parties jointly state that the matters to be protected during

discovery fall into the following two categories, **first**, documents and information of Standard that are of value to its competitors, including (i) guidelines for claims processing, administration and handling, (ii) guidelines for training (iii) information on reserves, and, (iv) Standard's contracts with Plaintiff's insurance agent for the Policy at issue, and, **second**, documents and information on third parties in the possession of either of the Parties;

WHEREAS, Plaintiff has requested and may make further requests for the production of documents and information on or related to such topics as the internal claims handling procedures and policies of Standard, any guidelines and training related to or explaining the internal claims handling guidelines, procedures and policies of defendant Standard, the setting of reserves, and Standard's contracts with Plaintiff's insurance agent, and may wish to discuss these matters at deposition;

WHEREAS, Plaintiff has also requested and may make additional requests for documents and information that are subject to protection on grounds of third party privacy in written discovery and may also do so at deposition;

WHEREAS, Standard may request documents and information that are subject to protection on grounds of third party privacy in written discovery and may also do so at deposition;

WHEREAS, documents or information on claim handling guidelines, such as procedures or policies and/or training guidelines and similar documents or information, discovery on reserves, and, Standard's contracts with Plaintiff's insurance agent that have been or may yet be requested in this action, have been generated by Standard and/or its vendors for Standard's internal use and contain and constitute trade secrets, and/or copyrighted material, and confidential, private and proprietary business information having value to Standard and its competitors ("Protected Competitive Information");

/////

WHEREAS, Standard will not, at any time prior to entry of this protective order, produce Protected Competitive Information on the basis that it contains and constitutes trade secrets, copyrighted material, and confidential, private and proprietary business information having value to Standard and its competitors and that the production of same would violate Standard's rights, privileges and immunities;

WHEREAS, in light of Standard's trade secret, copyright and confidentiality concerns, Standard and Plaintiff mutually wish to establish procedures that will be fair to each of them regarding the discovery and production of Protected Competitive Information;

WHEREAS, each of the Parties now has (and will very likely develop (as discovery continues) further) legitimate concerns about producing information that implicates third party privacy concerns, Standard and Plaintiff mutually wish to establish procedures that will be fair to each of them regarding the discovery and production of material that is subject to protection as third party information ("Third Party Information").

WHEREAS, **Local Rule 141.1(c)(2)** requires that the Parties make a "showing of particularized need for protection as to each category" to be protected, the Parties jointly and respectfully submit that (i) the Courts routinely afford protection from general disclosure to institutional training and procedural guidelines developed and used in handling a party's business and that the calculation of reserves and Standard's contracts with insurance agents are likewise Protected Competitive Information as they are of value to Standard's competitors, and, (ii) third party privacy, such as Third Party Information, is likewise routinely afforded judicial protection from unnecessary general disclosure in litigation;

WHEREAS, **Local Rule 141.1(c)(3)** requires that the Parties make a "showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among" the Parties.  As to the first

category to be protected, Protected Competitive Information, the Parties jointly and respectfully submit that the impact of unwarranted and wide disclosure of Standard's Protected Competitive Information would be difficult to assess and the value of Standard's Protected Competitive Information to its competitors would, likewise, be, at least, very difficult to assess.  In these circumstances, the Court's exercise of its in personam jurisdiction as specified in this Order is needed as a means to deter and address violations of the stipulated duty to keep confidential any Protected Competitive Information Standard may disclose.  As to the second category to be protected, Third Party Information, the Parties jointly and respectfully submit that not only the Parties but also the Court have an interest in protecting those whose personal information may be disclosed in this action from general public disclosure in circumstances where their rights are not being adjudicated and where their personal information need not be made public in order to adjudicate this dispute;

WHEREAS, the Parties sometimes refer to hereinafter Protected Competitive Information and Third Party Information collectively as "Confidential Information"; and,

WHEREAS, without waiver of any objections to the discoverability of Confidential Information, it is the parties' intention to provide a mechanism by which discovery of relevant information may efficiently be obtained in a manner that protects all parties, including nonparties, and third parties to this litigation, from the risk of unwarranted disclosure and potential misuse of such Confidential Information.

NOW THEREFORE, the Parties stipulate that each is bound by the terms of this Protective Order, the terms of which are now set forth below and as in Exhibit A hereto:

1.  The provisions of this Order, to which the parties have already agreed and stipulated, governs the designation and handling of documents, records, or

information containing or concerning Confidential Information produced in discovery in this lawsuit, whether produced by Standard, Plaintiff, or by third parties.

2.   The Parties, as the case may be, shall respectively designate Confidential Information as follows.  Documents shall be designated as "CONFIDENTIAL" by stamping them as "CONFIDENTIAL."  Deposition testimony shall be designated as "CONFIDENTIAL" either at the time of the deposition or no later than within the time permitted for the witness to make corrections.  The CONFIDENTIAL portion of any deposition transcript shall be separately bound from non-CONFIDENTIAL portions.  The Parties shall designate as CONFIDENTIAL only such information and documents that it in good faith determines to be and regards as Confidential Information.

3.   Unless otherwise ordered by the Court in this action, documents, materials and information designated as CONFIDENTIAL will be held by Plaintiff, Standard or other receiving party solely for use in connection with this litigation and will be maintained and disclosed only in accordance with this Protective Order.   Experts referred to in paragraph 5(d) who have complied with the requirements of paragraph 5 hereof by giving the required certification, as per Exhibit A hereto, may review CONFIDENTIAL materials, documents and information, for purposes of study, analysis, and preparation in connection with the case.

## STANDARD'S CLAIMS MANUAL

4.   The term "Confidential Information" as used herein shall include (but not be limited to) any and all documents, records, materials, and/or information contained and/or set forth in Standard's Group Benefits LTD Claims Manual (the "Claims Manual").  Pursuant to this Order, the Claims Manual, and/or any documents, records, materials and/or information contained therein, including but not limited to the Index and/or Table of Contents, is designated as

"CONFIDENTIAL."  The production of the Claims Manual will be conducted as follows:

(a)  Immediately upon entry of this Protective Order, Standard will produce the Table of Contents of the Claims Manual to Plaintiff.  The Table of Contents is CONFIDENTIAL and the Table of Contents is Confidential Information.

(b) Plaintiff will then select from the Table of Contents the portions of the Claims Manual that she believes are relevant to this action and that she wishes to be produced.

(c) To the extent that Standard agrees that any part of the Claims Manual Plaintiff has asked for is to be produced, those parts will be immediately produced by Standard and will be designated as CONFIDENTIAL.   Production of any part of the Claim Manual is not an admission that it is relevant or admissible at trial.

(d) As to any documents from the Claims Manual that the Parties do not mutually agree should be produced, the Parties will submit any such dispute to the Court for resolution.  Any portion of the Claims Manual, and the contents therein, that may for any reason be produced following such dispute, shall be CONFIDENTIAL.

(e) Unless otherwise ordered by the Court in this action, all portions of the Claims Manual, and any documents, records, or information contained therein that are produced, will be held by Plaintiff or the receiving party solely for use in connection with this litigation and will be maintained and disclosed as described herein and in accordance with the Order of the Court.

## GENERAL PROVISIONS

5.  Except with, as the case may be, Plaintiff's or Standard's prior written consent, or upon prior order of this Court obtained upon notice to counsel for all parties, Standard's CONFIDENTIAL materials, documents and information shall not be disclosed by Plaintiff to any person other than:

(a) Plaintiff or Standard;

(b) Plaintiff's or Standard's counsel in this litigation;

(c) Employees or independent contractors of Plaintiff's or Standard's counsel in this litigation;

(d) experts, consultants, or advisors employed or utilized by Plaintiff's or Standard's counsel to assist in this litigation, and/or to testify at trial or any other proceeding in this litigation;

(e) the Court and court personnel, including stenographic reporters as necessarily incident to the preparation for trial of this action;

(f) noticed or subpoenaed deponents and their counsel; and

(g) any person identified as having authored or previously reviewed or received CONFIDENTIAL materials, documents and information, and any documents, records, or information contained therein.

(h) as the case may be, Plaintiff's or Standard's Confidential Information and CONFIDENTIAL materials, documents and information may be shown to any person listed in subparagraphs (d) and (g) of this paragraph only after such person has been shown a copy of this Order and advised of its terms, and only after such person executes a copy of the form of certification attached to this Order as Exhibit "A" (the "Certification").

6.   Plaintiff's or Standard's counsel shall maintain complete records of every original signed Certification obtained from any person pursuant to paragraph 5 and in the form attached hereto as Exhibit A.  These Certifications need not be disclosed to the opposing parties absent further order of the Court.

7.   Any person receiving or viewing, as the case may be, Plaintiff's or Standard's Confidential Information or CONFIDENTIAL materials, documents and information shall not reveal the same to (or discuss the contents of the information with) any person who is not entitled to receive the same.

8.   No material designated as Confidential Information or CONFIDENTIAL shall at any time be filed (i) except under seal, or, (ii) without first having obtained

an order from the Court, on such notice as may satisfactory to the Court, permitting public filing of matters designated as CONFIDENTIAL.  **Subject to further court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place; after application by the filing party and with appropriate notice to opposing counsel.  It is further understood and agreed that filing under seal shall proceed solely under and pursuant to this Court's published procedures for filings under seal, including as set forth in the Local Civil Rules and in rules governing electronic filing.**

9.  In the event that a dispute arises between the Parties regarding the procedures set forth in this Order, and/or any party's or third party's compliance with this Protective Order, the parties **MUST** first attempt to resolve the dispute in good faith on an informal basis.  **ONLY** if the dispute cannot be resolved, may either party seek any relief from this Court.

10.  All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action unless subsequently modified by agreement between the Parties or further order of the Court.

11.  This Order has no effect upon, and its scope shall not extend to, as the case may be, Plaintiff's or Standard's use of her/its own Confidential Information and CONFIDENTIAL materials, documents and information.

12.  Nothing in the Protective Order constitutes an admission that there necessarily are or may be materials responsive to any discovery request herein.  Further, producing, receiving or reviewing, as the case may be, Plaintiff's or Standard's CONFIDENTIAL materials, documents and information, and/or otherwise complying with the terms of this Protective Order shall not:

(a)  prejudice in any way the rights of either party to object to the production of other documents, records, materials and/or information it considers not subject

to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

(b)  prejudice in any way the rights of either party to seek a court determination whether such other documents, records, materials and/or information should be produced; or

(c) prejudice in any way the rights of a party to ask the Court for any additional protection, by way of motion, response to motion or otherwise, with respect to the confidentiality of other documents, records, materials and/or information as that party may consider appropriate.

(d) prejudice or impact in any way any argument with respect to the admissibility of any matter at trial.

13.  After the final termination of this action, including all appeals, Plaintiff's or Standard's (as the case may be) Confidential Information and CONFIDENTIAL materials, documents and information, and all copies made thereof shall, at the option of the party holding such information, either (a) be returned within sixty (60) days to the party producing it, or (b) be destroyed, and a certificate to that effect shall be provided, as the case may be, to Plaintiff or Standard.  However, any work product (as defined under applicable law), pleadings, deposition transcripts or trial exhibits in this action may be retained by counsel, subject to the terms of this Order.  **The Court and all Court personnel are expressly excluded from this provision**.

14.  This Order shall govern the production, handling and dissemination of Confidential Information and CONFIDENTIAL materials, documents and information, and all copies made thereof **prior to trial only**.  During preparations for the Pretrial Conference, the parties agree that they shall in good faith and cooperatively meet and confer regarding the confidentiality of information to be used at trial and documents designated as trial exhibits and, as is necessary, agree

upon a method for maintaining the confidentiality of such information and documents at trial.

15.  This Order shall be without prejudice to any application for relief from any restriction contained herein or for any order compelling or further restricting the production, exchange, or use of any document, testimony, interrogatory response, or other information produced, given, or exchanged in the course of pretrial discovery in this action.

16.  This Order does not operate as an agreement by any party to produce any document or to disclose any information demanded or requested by another party or as an admission that any particular documents or information exist or are to be produced or otherwise to be disclosed in this action.  Nothing herein shall be deemed to waive any applicable objection and/or privilege or be construed as an acknowledgment of the applicability of any objection and/or privilege.

17.  All persons bound by this Order are hereby notified that if this Order is in any manner violated, the person or entity who commits such violation shall be subject to such sanctions as the Court, on motion and after a hearing, deems just.

18.  The Court retains jurisdiction to make such amendments, modifications, and additions to this Order as it may deem appropriate.

**IT IS SO STIPULATED**.

Dated:  October 4, 2014

                    s/ Warren H. Nelson, Jr.
                    WARREN H. NELSON, JR.
                    A PROFESSIONAL CORPORATION
                    6161 El Cajon Boulevard, # 273
                    San Diego, CA 92115

                    Attorney for Defendant
                    STANDARD INSURANCE COMPANY,
                    erroneously sued as Standard Life Insurance
                    Company

--

--

--

1   **IT IS SO STIPULATED**.

2   Dated:  October 4, 2014

3

4                    /s/ David Allen
                     David Allen

5                    DAVID ALLEN & ASSOCIATES
                    5230 Folsom Boulevard

6                    Sacramento, CA 95819

7                    Attorneys for Plaintiff
                    KATHLEEN GARCIA

8

9

10   **IT IS SO ORDERED**.

11

12

13   Dated:  October 8, 2014

14                    CAROLYN K. DELANEY
                    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

I, _____, hereby state and declare that I
have read and understand the attached "Stipulated Protective Order on
Confidentiality During Discovery" of the United States District Court for the
Eastern District of California in the matter of <u>Kathleen Garcia v. Standard Life</u>
<u>Insurance Company, et al.</u>, Case No. 2:13-cv-02164-WBS-CKD, and hereby agree
to fully comply with the terms and conditions thereof.  I further consent to the
jurisdiction, over me, of the United States District Court for the Eastern District of
California for any purpose related in any way to enforcement of the foregoing
"Stipulated Protective Order on Confidentiality During Pretrial Proceedings."

Executed this ___ day of _____, 2014, at _____,

[City]

_____.

[State]

By _____

[Name] _____