WARREN H. NELSON, JR., # 104744
A PROFESSIONAL CORPORATION
6161 El Cajon Blvd., # 273
San Diego, CA 92115
Telephone:  619 269 4212
Facsimile:   619 501 7948
Email:  nelson@rolando.sdcoxmail.com

Attorney for Defendant
Standard Insurance Company, erroneously
sued as Standard Life Insurance Company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN GARCIA,<br><br>         Plaintiff,<br><br>    vs.<br><br>STANDARD LIFE INSURANCE COMPANY, et al.<br><br>         Defendants. | Case No.: 2:13-cv-02164-WBS-CKD<br><br>STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY COMPLETION DATE<br><br>No hearing set or required.<br><br>Before the Honorable Carolyn K. Delaney, Magistrate Judge |

      Plaintiff Kathleen Garcia and Defendant Standard Insurance Company ("Standard"), erroneously sued as Standard Life Insurance Company, stipulate and respectfully request that the Court enter an order continuing the last date to complete discovery for this matter for some 60 days from November 14, 2014 up to and including January 14, 2015.  Plaintiff Kathleen Garcia and Standard are sometimes hereinafter collectively referred as "the Parties."

      The Parties stipulate to and respectfully ask the Court to consider the following:

    1. This request is directed to the Magistrate Judge pursuant to the Court's

STIPULATION AND ORDER TO EXTEND TIME TO COMPLETE DISCOVERY – 2:13-cv-02164-WBS-CKD - 1

January 28, 2014 Status (Pretrial Scheduling) Order, IX. MODIFICATIONS TO SCHEDULING ORDER (PACER Doc 9, p 5 of 5), which provides that "Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided **by the assigned Magistrate Judge**." Emphasis added.

2.   There have been no prior requests to extend any case deadline and the Parties do not seek extension of any case deadline other than the discovery cut-off, e.g., the motion filing cut-off date, nor is there any current anticipated need that any such request will be necessary.

3.   There is "**Good Cause**" to extend the discovery cut off based on each of the following considerations:

- The Parties have been diligent and have responsibly managed this case. Document discovery in this case is substantially completed.  Each of the Parties has also exchanged and responded to the other side's interrogatories and requests for production and more than 30 subpoenas have been served.  The Parties and third parties have collectively produced about 20,000 pages of records.  The Parties' responsible management of this case is reflected in the fact that Court has not to date been required to become involved in the resolution of any discovery or other dispute.
- The deposition of the Plaintiff was taken on September 29, 2014.
- Thereafter, on October 6, 2014, counsel for the Parties agreed to hold a private mediation, select a mutually acceptable mediator and schedule and share the costs of a private mediation to try to settle this case.
- Within one day, the Parties agreed to utilize Ramsay "Buzz" Wiesenfeld Esq as their mediator (the "Mediator").  The first available date on the Mediator's calendar was October 28, 2014, which is the date the Parties' selected.
- With a view, pending the mediation, to conserving substantial resources to

proceed with deposition discovery that could better be directed toward settlement, the Parties agreed not to proceed with deposition discovery and to seek a continuance of the discovery deadline if the case did not settle at the private mediation.

- The private mediation was duly held as scheduled before the Mediator on October 28, 2014 in Sacramento. Standard's authorized settlement representative attended in person from Portland, Oregon, as well as the Plaintiff and counsel for each party. The case did not settle and so the Parties have agreed, subject to the Court's approval, that remaining discovery should resume. While the mediation was ultimately unsuccessful, that is not the only marker for assessing whether a brief discovery hiatus was in order. The Parties thus hasten to add that the result of the mediation was substantially to reduce the settlement gap between the Parties by a factor of almost **six times**, which did represent some substantial progress toward settlement, and, in the Parties' view, more than justifies a deposition discovery hiatus of about a month.

- The Court may wonder, considering that the discovery hiatus was 30 days, why the parties are now seeking a 60-day extension of the discovery completion date. The answer is that the Holiday season is quickly approaching and we are encountering issues with scheduling due to the unavailability of witnesses with family commitments and who have long-prior scheduled time away from work.

- There is, additionally, yet another compelling factor supporting this request to extend the date by which discovery must be completed. In the development and management of this case as well as approximately 70 other long-term disability cases, Plaintiff's counsel has been dependent upon the services of a dedicated paralegal. She was the "point person" for this particular case. Unfortunately, this uniquely valuable paralegal, who has worked with Plaintiff's counsel for over 11 years, has been unavailable due to a medical condition and on medical leave since September 22, 2014 . Her absence has

resulted in much of her work falling to Plaintiff's counsel.  This unforeseen circumstance has placed and continues to place substantial additional demands on the time of Plaintiff's counsel and has substantially reduced his availability to complete discovery prior to November 14, 2014, the current discovery completion date.

- In all the foregoing circumstances and on the understanding that no other case deadlines are involved or expected to be involved, the Parties respectfully submit that there is **Good Cause** to extend the last day to complete discovery from November 14, 2014 up to and including January 14, 2015.
- The Parties understand and acknowledge that the term "completed" as applied to discovery is as per the guidelines the Court has already set forth in the January 28, 2014 Status (Pretrial Scheduling) Order, IV. DISCOVERY (PACER Doc 9, pp 2-3 of 5).
- It is understood that the Court retains jurisdiction to make such amendments, modifications, and additions to this Order as it may deem appropriate.

**IT IS SO STIPULATED**.

Dated:  October 31, 2014

s/ Warren H. Nelson, Jr.
WARREN H. NELSON, JR.
A PROFESSIONAL CORPORATION
6161 El Cajon Boulevard, # 273
San Diego, CA 92115

Attorney for Defendant
STANDARD INSURANCE COMPANY, erroneously sued as Standard Life Insurance Company

--
--
--
--
--
--

**IT IS SO STIPULATED**.

Dated: October 31, 2014

                                     /s/ David Allen
                                       David Allen

DAVID ALLEN & ASSOCIATES
5230 Folsom Boulevard
Sacramento, CA 95819

Attorneys for Plaintiff
KATHLEEN GARCIA

The Court has reviewed the Parties' stipulation above, and, finding that there is **Good Cause** for the same, Orders that the time to complete discovery, with the meaning assigned to the terms "complete" or "completed" as set forth in the January 28, 2014 Status (Pretrial Scheduling) Order, IV. DISCOVERY (PACER Doc 9, pp 2-3 of 5) is hereby extended from November 14, 2014 up to and including January 14, 2015.

**IT IS SO ORDERED**.

**Dated:  November 4, 2014**

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE