1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11                          ----oo0oo----

12   KATHLEEN GARCIA,              CIV. NO. 2:13-02164 WBS CKD

13              Plaintiff,         MEMORANDUM AND ORDER

14        v.

15   STANDARD INSURANCE COMPANY,
     and DOES 1 to 100,
16

17              Defendants.

18
                            ----oo0oo----
19

20        Plaintiff Kathleen Garcia was denied benefits by her

21   disability insurer Standard Insurance Company ("Standard").  In

22   this action, originally filed in the Sacramento County Superior

23   Court, plaintiff asserts claims against Standard for breach of

24   contract and breach of the duty of good faith and fair dealing

25   under California law.  Standard timely removed the action to this

26   court based on diversity of citizenship.  Presently before the

27   court is Standard's motion for partial summary judgment pursuant

28   to Federal Rule of Civil Procedure 56.

                                 1

1    I. Factual and Procedural Background

2           Plaintiff was employed as a dental hygienist.  At the

3    age of 56, she took out a policy for long-term disability

4    insurance with Standard which entitled her to a monthly payment

5    of $3,800 per month if she became disabled such that she could

6    not perform her job duties.

7           During a lunchtime walk on November 2, 2010, plaintiff

8    stumbled and injured her left hand.  Claiming she was unable to

9    return to work, plaintiff applied for disability benefits.

10   Standard preliminarily approved plaintiff's claim for long-term

11   benefits under a reservation of rights.  However, Standard

12   ultimately denied plaintiff's claim.  Plaintiff has not returned

13   to her job as a dental hygienist, and she states she continues to

14   experience pain that radiates up the edge of her hand.

15          In its pending motion, Standard seeks summary judgment

16   only on plaintiff's good faith and fair dealing claim.[1]  (See

17   Def.'s Mot. (Docket No. 22).)

18   ///

19   _____

20          [1]    Although Standard does not seek summary judgment on
     plaintiff's contract claim, it argues that plaintiff is
21   ineligible for her Supplemental Social Insurance Rider of an
     additional monthly amount of up to $1,200 because she failed to
22   apply for social security disability income ("SSDI"), which would
     offset Standard's obligation.  (Def.'s Mem. at 37.)
23          The court finds Standard's position on the $1,200
     supplemental payment confounding.  Standard informed plaintiff it
24   would not be approving her claim.  (See Ihnen Decl. Ex. A at 149,
     173.)  Thereafter, there would appear to be no reason for
25   plaintiff to complete additional paperwork to qualify for the
     supplemental income since there would be nothing to offset.
26   After hearing oral argument it is still not clear to the court
     what Standard wants plaintiff or the court to do.  The court will
27   accordingly deny Standard's motion for partial summary judgment
     on plaintiff's breach of contract claim.
28

2

1  II. <u>Discussion</u>

2          Standard argues that the court should apply the

3  doctrine of judicial estoppel to preclude plaintiff's tort claim

4  and limit her contract claim to $50,000, because she failed to

5  disclose the tort claim in an earlier bankruptcy proceeding.

6  "Judicial estoppel is an equitable doctrine that precludes a

7  party from gaining an advantage by asserting one position, and

8  then later seeking an advantage by taking a clearly inconsistent

9  position." <u>Hamilton v. State Farm Fire & Cas. Co.</u>, 270 F.3d 778,

10  782 (9th Cir. 2001) (citing <u>Rissetto v. Plumbers & Steamfitters</u>

11  <u>Local 343</u>, 94 F.3d 597, 600 (9th Cir. 1996)).  It is invoked by a

12  court at its discretion.  <u>New Hampshire v. Maine</u>, 532 U.S. 742,

13  750 (2001).

14          "In the bankruptcy context, the federal courts have

15  developed a basic default rule:  If a plaintiff-debtor omits a

16  pending (or soon-to-be-filed) lawsuit from the bankruptcy

17  schedules and obtains a discharge (or plan confirmation),

18  judicial estoppel bars the action."  <u>Ah Quin v. Cnty. of Kauai</u>

19  <u>Dep't of Transp.</u>, 733 F.3d 267, 271 (9th Cir. 2013); <u>see also</u>

20  <u>Payless Wholesale Distribs., Inc. v. Alberto Culver (P.R.) Inc.</u>,

21  989 F.2d 570, 571 (1st Cir. 1993) ("Conceal your claims; get rid

22  of your creditors on the cheap, and start over with a bundle of

23  rights.  This is a palpable fraud that the court will not

24  tolerate, even passively.").  The Ninth Circuit has thus applied

25  judicial estoppel "when the debtor has knowledge of enough facts

26  to know that a potential cause of action exists during the

27  pendency of the bankruptcy, but fails to amend his schedules or

28  disclosure statements to identify the cause of action as a

3

1   contingent asset." Hamilton, 270 F.3d at 784.

2         Application of the doctrine is meant to ensure "the

3   orderly administration of justice and regard for the dignity of

4   judicial proceedings" and to "protect a litigant playing fast and

5   loose with the courts." Id. at 782 (internal quotation marks and

6   citation omitted). "[T]he integrity of the bankruptcy system

7   depends on full and honest disclosure by debtors of all their

8   assets." Hamilton, 270 F.3d at 785 (citing In re Coastal Plains,

9   179 F.3d 197, 208 (5th Cir. 1999)). The interests of the

10  creditors and the courts "are impaired when the disclosure

11  provided by the debtor is incomplete." Id.

12        In her chapter 7 bankruptcy filing, plaintiff disclosed

13  a claim against Standard for $50,000 which she represented was

14  "exempt" under California Code of Civil Procedure Section 704.130

15  as a mere claim for recuperating disability benefits. (Id. at

16  256, 258); see Cal. Code Civ. P. § 704.130 ("Benefits from a

17  disability or health insurance policy or program are exempt

18  without making a claim."). Then, immediately after her debt was

19  discharged, plaintiff filed this action which included millions

20  of dollars in damages for a non-exempt tort claim.[2] (See Nelson

21  _____

22        [2]   In her "Statement of Damages," filed in conjunction
    with her state-court lawsuit against Standard on September 10,
23  2013, plaintiff valued her damages at a total of over $3 million,
    including $1 million in punitive damages pursuant to her tort
24  claim. (Notice of Removal at 136 (Docket No. 1).) In her First
    Amended Complaint ("FAC"), plaintiff does not seek a set dollar
25  amount but prays for damages for the failure to provide full
    benefits under the policy, including interest and other economic
26  and consequential damages; general damages for emotional
    distress; punitive and exemplary damages; future special and
27  general damages for breach of the duty of good faith and fair
    dealing; and attorney's fees. (FAC "Prayer for Relief" ¶¶ 1-8.)
28
                                  4

1    Decl. Ex. J at 248 (docket indicating debt was discharged August

2    15, 2013); Notice of Removal Ex. A at 15 (plaintiff's state court

3    Complaint filed on August 15, 2013)).

4         This is not a case where plaintiff merely undervalued

5    her claim in the bankruptcy filing.  See Whitworth v. Nat'l

6    Enter. Sys, Inc., Civ. No. 3:08-00968, 2009 WL 2948529, at *4 (D.

7    Or. Sept. 9, 2009) (holding that the plaintiff did not take a

8    "clearly inconsistent" position with his prayer for damages of

9    over $15,000 in the current action when his previous valuation

10   was $1,000 in his bankruptcy filings).  Plaintiff's

11   representation of her claim as one that was "exempt" because it

12   was limited to disability benefits was clearly inconsistent with

13   her Complaint in this action for multi-million dollar damages in

14   tort.  See New Hampshire, 532 U.S. at 750.  This representation,

15   accepted by the bankruptcy court, gave plaintiff an unfair

16   advantage by keeping potential proceeds from a tort claim from

17   her creditors.  See id.

18        Moreover, the court need not make a further inquiry

19   into whether plaintiff's concealment of her tort claim was

20   intentional.  The Supreme Court has recognized that "it may be

21   appropriate to resist application of judicial estoppel when a

22   party's prior position was based on inadvertence or mistake."

23   Id. at 753.  However, the Ninth Circuit has, consistent with

24   other circuits, interpreted New Hampshire narrowly and held that

25   that in most circumstances, courts should "apply a presumption of

26   deliberate manipulation." [3]  Ah Quin, 733 F.3d at 273.  Here,

27   _____

28        [3]    In Ah Quin, the Ninth Circuit carved out an exception
     to this narrow interpretation, holding that "where, as here, the

1   there are no circumstances present to rebut this presumption.

2   Plaintiff made no effort to correct her misrepresentation, even

3   though it appears she was represented by counsel during her

4   bankruptcy proceeding.  Plaintiff is therefore estopped from

5   bringing her good faith and fair dealing claim.

6           IT IS THEREFORE ORDERED that defendant's motion for

7   summary judgment be, and the same hereby is, GRANTED with respect

8   to plaintiff's good faith and fair dealing claim, and DENIED with

9   respect to plaintiff's contract claim, regarding plaintiff's

10  eligibility for supplemental social insurance benefits.

11  Dated:  April 21, 2015

12

13                      WILLIAM B. SHUBB
                        UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

---

23  plaintiff-debtor reopens bankruptcy proceedings, corrects her
    initial error, and allows the bankruptcy court to re-process the
24  bankruptcy with the full and correct information, a presumption
    of deceit no longer comports with New Hampshire."  In those
25  circumstances, courts are to inquire "into whether the
    plaintiff's bankruptcy filing was, in fact, inadvertent or
26  mistaken, as those terms are commonly understood."  Id. at 276.
27  This exception does not apply to facts presently before the
    court, because plaintiff did not reopen her bankruptcy
28  proceedings to amend her disclosures.